IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN LEE CHAMBERLAIN, JR.                                              PLAINTIFF

V.                                       NO. 12-5013

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, John Lee Chamberlain, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on December 15, 2008, alleging an inability to work since June 17, 2008, due to "Musclar [sic] distrophy [sic], back pain and sleep apnea, illiteracy, unable to work due to fatigue and lack of sleep." (Tr. 113-122, 146, 151). An administrative hearing was held on March 25, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 20-56).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

By written decision dated November 17, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - morbid obesity, degenerative disc disease of the lumbar spine, obstructive sleep apnea, hypertension, and a history of muscular dystrophy. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can perform no more than occasional climbing of ramps and stairs and no more than occasional balancing and stooping, is unable to perform any climbing of ladders, ropes, and scaffolds as well as any kneeling, crouching or crawling, and must avoid hazards, unprotected heights, unprotected moving machinery, and driving as part of work.

(Tr. 13). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform his past relevant work, but was capable of performing other jobs, such as final assembler, button and notions assembler, hand packager, press operator, and contact grinder operator. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on November 29, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ erred in finding the Plaintiff not disabled in medically equaling listing 1.04; 2) The ALJ erred in considering Plaintiff's obesity pursuant to SSR 02-1p; and 3) The ALJ erred in rejecting Plaintiff's subjective complaints. (Doc. 6).

**A. Whether Plaintiff Met a Listing:**

Plaintiff argues that although his case does not meet the requirements of Listing 1.04, his condition is medically equivalent to the listing, and he is therefore entitled to an award of benefits. As stated by Defendant, to meet or equal a listing, Plaintiff has the burden of proving that he meets all of the specific medical criteria, and "medical equivalence must be based on medical findings." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004); See Marciniak v. Shalala, 49 F.3d 1350, 1353 (8th Cir. 1995)(held that Plaintiff must present medical findings

AO72A
(Rev. 8/82)

equal in severity to *all* the criteria for the one most similar listed impairment).

Listing 1.04 provides, in pertinent part:

> *Disorders of the spine* (e.g. herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>     A.  Evidence of nerve root compression.....
> or
>     B. Spinal arachnoiditis,...
> or
>     C. Lumbar spinal stenosis resulting in pseudoclaudication, ...

Listing 1.04.

There is nothing in the medical records to indicate that Plaintiff's condition meets or medically equals the listing. A CT Scan of Plaintiff's Lumbar Spine, dated February 10, 2010, revealed the following:

> 1.  Mild narrowing of the L1-2 intervertebral disc space and minimal degenerative retrolisthesis of L5 relative to SI.
> 2.  No evidence of acute fracture, dislocation, destructive process, or pars interarticularis defect.
> 3.  No severe bony canal stenosis.
> 4.  Small disc protrusion could be obscured due to the patient's size and subarachnoid contrast would be necessary to completely exclude that.
> 5.  The sacroiliac joints are symmetric.

(Tr. 347).

Defendant appropriately discussed the relevant medical records in his brief, and properly concluded that the evidence demonstrated that Plaintiff's clinical and objective findings failed to show that he even remotely approached the signs necessary to meet or equal a listing. In addition, the ALJ did not exclude consideration of Plaintiff's obesity in determining that he did not meet a listing. The ALJ noted that while Plaintiff's impairments were severe within the

meaning of the regulations, specifically "claimant's physical impairments, namely his morbid obesity, degenerative disc disease of the lumbar spine, obstructive sleep apnea, hypertension, and a history of muscular dystrophy, " they did not meet or medically equal the severity of any of the listed impairments. (Tr. 13).

Based upon the foregoing, as well as the arguments made in Defendant's well-reasoned brief, the Court finds that there is substantial evidence to support his finding that the Plaintiff's impairments did not meet or medically equal a listed impairment.

**B. Whether the ALJ Considered Plaintiff's Obesity:**

The ALJ found Plaintiff's morbid obesity to be a severe impairment. (Tr. 11). In addition, the ALJ stated that while Plaintiff's back impairment could be expected to produce significant pain with some forms of exertion, "and this symptomatology is likely exacerbated by his body-habitus, there is no objective evidence suggesting that he is precluded from work falling within the above-listed residual functional capacity assessments." (Tr. 14). The ALJ further stated:

> Ultimately, I find the claimant significantly limited, if not disabled, as I give more weight to the likely combined impact of the claimant's various physical impairments and to the above-cited diagnostic imaging which was submitted into the record at the hearing level. (Ex. 3F).

(Tr. 14).

It is clear that the ALJ considered Plaintiff's obesity, singly and in combination, and Plaintiff's argument to the contrary is without merit.

**C. Subjective Complaints of Pain:**

The ALJ found that although Plaintiff's medically determinable impairments could

-6-

reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 14).

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ noted that Plaintiff was able to mow his mother's lawn, although it took longer than normal, that he stayed with a series of friends, had 17 jobs in 11 years, and did not claim he was physically incapable of doing most of them. (Tr. 14).

In a Function Report- Adult-Third Party, Plaintiff's mother reported that on a daily basis, Plaintiff got up, got the children off to school, fed his daughter, watched television, cooked, cleaned and fed the animals. (Tr. 159). She reported that although Plaintiff drove, she took him most of the places. (Tr. 161). She reported that he shopped once a week, spent time with the children every day, could walk two or three blocks before needing to stop and rest, and did household repairs. (Tr. 162-165). At the hearing, Plaintiff testified that he spent his day

AO72A
(Rev. 8/82)

cleaning, was able to do cleaning and laundry and household repairs, and threw the ball with his son. (Tr. 35-36).

With respect to Plaintiff's muscular dystrophy, the ALJ properly noted that the medical record was noticeably sparse, especially on the conditions of sleep apnea and muscular dystrophy, and gave the Plaintiff the benefit of the doubt when he concluded that Plaintiff was able to perform sedentary work. The ALJ gave great weight to the opinion of the State agency medical consultants, who found Plaintiff suffered from no significant limitations at any exertional level, but gave more weight to the "likely combined impact of the claimant's various physical impairments and to the above-cited diagnostic imaging which was submitted into the record at the hearing level." (Tr. 14). Thus, it is clear that the ALJ considered and gave the proper amount of weight to Plaintiff's subjective allegations, when he found that Plaintiff was capable of performing sedentary work.

Accordingly, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**IV.   Conclusion:**

Based upon the foregoing, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 5th day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE